IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| ROBERT EDWIN STONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:22-CV-00031-BU |
| | § | |
| STEVEN C. MCCRAW, in his official | § | |
| Capacity as Director of the Texas | § | |
| Department of Public Safety, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). Dkt. No. 7. For the reasons explained below, the undersigned RECOMMENDS that McCraw's Motion to Dismiss (Dkt. No. 37) be DENIED as moot and the case be administratively closed pursuant to Plaintiff's voluntary dismissal.

Plaintiff Robert Stone filed this action on July 15, 2022. Dkt. No. 1. Defendant McCraw filed a Motion to Dismiss on December 9, 2022. Dkt. No. 37. On February 28, 2023, while McCraw's Motion to Dismiss was pending, Stone filed a Notice of Voluntary Dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. No. 61.

A plaintiff may voluntarily dismiss an action without a court order "before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). McCraw is the only Defendant remaining in this action, and McCraw has

1

not filed an answer or a motion for summary judgment.¹ The Fifth Circuit has held that "'Rule 41(a)(1)(A)(i) means precisely what it says by stating that only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice.'" *Richardson v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-2434-N-BN, 2016 WL 5871327, at *2 (N.D. Tex. Oct. 6, 2016), *report and rec. adopted*, 2016 WL 5871328 (N.D. Tex. Oct. 7, 2016) (quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973–74 (5th Cir. 2015) (per curiam)). Accordingly, the undersigned finds that Stone's Notice of Dismissal mooted McCraw's Motion to Dismiss because Stone is entitled to voluntarily dismiss this case without prejudice and without a court order under Rule 41(a)(1)(A)(i). *See id.*

For these reasons, the undersigned RECOMMENDS that McCraw's Motion to Dismiss (Dkt. No. 37) be DENIED as moot and the case be administratively closed pursuant to Plaintiff's voluntary dismissal.

If any party wishes to object to any part of these Findings, Conclusions, and Recommendation, the party must file specific written objections within fourteen days after being served with a copy of these Findings, Conclusions, and Recommendation. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(B). To be specific, an objection must identify

---

[1] Defendant Tammy Robinson filed an Answer to Stone's original Complaint on October 21, 2022. Dkt. No. 14. However, Stone voluntarily dismissed his claims against Marilyn Burgess, Tammy Robinson, and Chasity S. Anderson under Rule 41(a)(1)(A)(i)–(ii) on November 2, 2022. Dkt. No. 17. Accordingly, McCraw was the only remaining Defendant at the time Stone filed his February 28, 2023, Notice of Dismissal. *See* Dkt. No. 61. Additionally, although Stone has attached materials outside the pleadings to his response to McCraw's Motion to Dismiss, the Court declines to convert McCraw's Motion into a Rule 56 motion for summary judgment. *See, e.g.*, *Richardson v. U.S. Bank Nat'l Ass'n,* No. 3:16-CV-2434-N-BN, 2016 WL 5871327, at *2 (N.D. Tex. Oct. 6, 2016), *report and rec. adopted*, 2016 WL 5871328 (N.D. Tex. Oct. 7, 2016) (declining to convert a motion to dismiss into a summary judgment motion when Defendants asked the court to take judicial notice of permitted materials).

the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    ORDERED this 13th day of July, 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE